```
 1   UNITED STATES DISTRICT COURT
     EASTERN DISTRICT OF NEW YORK
 2   ------------------------------x
                                      16-CR-608(NGG)
 3   UNITED STATES OF AMERICA,
                                      United States Courthouse
 4                                    Brooklyn, New York

 5        -against-                   August 08, 2017
                                      11:00 a.m.
 6   ROLAND BEDWELL,

 7        Defendant.

 8   ------------------------------x

 9          TRANSCRIPT OF CRIMINAL CAUSE FOR PLEADING
            BEFORE THE HONORABLE NICHOLAS G. GARAUFIS
10             UNITED STATES SENIOR DISTRICT JUDGE

11   APPEARANCES

12   For the Government:      BRIDGET M. ROHDE, ESQ.
                             Acting United States Attorney
13                           Eastern District of New York
                             271 Cadman Plaza East
14                           Brooklyn, New York 11201
                             BY:  NICHOLAS MOSCOW, ESQ.
15                                ANDREY SPEKTOR, ESQ.
                             Assistant United States Attorneys
16

17   For the Defendant:      PALMIERI CASTIGLIONE  & ASSOCIATES PC
                             250 Mineola Boulevard
18                           Mineola, New York 11501
                             BY:  VITO A. PALMIERI, ESQ.
19
                             SAPONE & PETRILLO, LLP
20                           One Penn Plaza, Suite 5315
                             New York, New York 10119
21                           BY:  EDWARD V. SAPONE, ESQ.

22   Court Reporter:         Rivka Teich, CSR, RPR, RMR
                             Phone:  718-613-2268
23                           Email:  RivkaTeich@gmail.com

24   Proceedings recorded by mechanical stenography.  Transcript
     produced by computer-aided transcription.
25
```

PROCEEDINGS

1                    (In open court.)

2          COURTROOM DEPUTY:  All Rise.

3          THE COURT:  United States of America against Roland

4    Bedwell.  Appearances, please.

5          MR. MOSCOW:  Good morning, your Honor, Nicholas

6    Moscow for the United States.

7          MR. SPEKTOR:  And Andrey Spektor for the United

8    States.

9          THE COURT:  Good morning.

10         MR. PALMIERI:  Veto Palmieri for Mr. Bedwell.

11         MR. SAPONE:  Good morning, your Honor.  My name is

12   Edward Sapone.  I just filed a notice of appearance to be

13   co-counsel for Mr. Palmieri.  I believe the bounce came in a

14   few moments ago.  Nice to see your Honor.

15         THE COURT:  Thank you very much.  Tell me your name

16   again?

17         MR. SAPONE:  S-A-P-O-N-E, Edward Sapone.

18         THE COURT:  Good morning, Mr. Bedwell.

19         THE DEFENDANT:  Good morning, sir.

20         THE COURT:  Mr. Palmieri, I understand your client

21   wishes to withdraw his previously entered plea of not guilty

22   to Count Four of the Indictment in 16-CR-608 S2, and enter a

23   plea of guilty to that count pursuant it a plea agreement; is

24   that correct?

25         MR. PALMIERI:  That is correct, your Honor.

PROCEEDINGS

1        THE COURT:  All right.  Mr. Bedwell, your attorney

2   advises me that you wish to plead guilty to Count Four of the

3   Superseding Indictment against you in which you were charged.

4   This is a serious decision and I must be certain that you make

5   it with a full understanding of your rights and the

6   consequences of your plea.  I'm going to explain certain

7   rights to you then I'm going to ask you questions and I want

8   your answers to be under oath.  The deputy clerk will swear

9   you in.

10        (Whereupon, the defendant was sworn.)

11        THE WITNESS:  I do.

12        THE COURT:  Mr. Bedwell, you understand that having

13   been sworn to tell the truth you must do so.  If you were to

14   deliberately lie in response to any question I ask you, you

15   could face further criminal charges for perjury.  Do you

16   understand that?

17        THE DEFENDANT:  Yes.

18        THE COURT:  If I say anything that you do not

19   understand or if you need me to repeat anything, just ask.  It

20   is important that you understand everything going on in these

21   proceeding.  Is that clear?

22        THE DEFENDANT:  Yes, sir.

23        THE COURT:  So how old are you?

24        THE DEFENDANT:  Fifty-seven.

25        THE COURT:  How far did you go in school?

PROCEEDINGS

1              THE DEFENDANT:  High school.

2              THE COURT:  Where did you go?

3              THE DEFENDANT:  John Bell.

4              THE COURT:  In Queens?

5              THE DEFENDANT:  Yes, sir.

6              THE COURT:  Are you a U.S. citizen?

7              THE DEFENDANT:  Yes, sir.

8              THE COURT:  Were you born in Queens?

9              THE DEFENDANT:  No, I was born in the Bronx.

10             THE COURT:  In the Bronx, close enough.

11             THE DEFENDANT:  Yes, sir.

12             THE COURT:  Is English your primary language?

13             THE DEFENDANT:  Yes, sir.

14             THE COURT:  Counsel, have you had any difficult

15    communicating with your client?

16             MR. PALMIERI:  No, your Honor.

17             MR. SAPONE:  No, your Honor.

18             THE COURT:  Now, Mr. Bedwell, I must be certain that

19    whatever decision you make today you make with a clear head.

20    So I'm going to ask you some questions about your health.

21             Are you currently or have you recently been under

22    the care of a doctor or a psychiatrist for any reason?

23             THE DEFENDANT:  No, sir.

24             THE COURT:  In the past 24 hours have you taken any

25    pills or drugs or medicine of any kind?

PROCEEDINGS

1          THE DEFENDANT:  No, sir.

2          THE COURT:  In the past 24 hours have you drunk any

3  alcoholic beverages.

4          THE DEFENDANT:  No, sir.

5          THE COURT:  Have you ever been hospitalized or

6  treated for any drug-related problem?

7          THE DEFENDANT:  No, sir.

8          THE COURT:  Is your mind clear as you stand here

9  today?

10          THE DEFENDANT:  Yes, sir.

11          THE COURT:  You understand everything being said to

12  you?

13          THE DEFENDANT:  Yes, sir.

14          THE COURT:  Mr. Palmieri, have you discussed the

15  question of guilty plea with your client?

16          MR. PALMIERI:  Yes, I have, your Honor.

17          THE COURT:  In your view, does he understand the

18  rights he would be waiving by pleading guilty?

19          MR. PALMIERI:  Yes, I do.

20          THE COURT:  Do you have any questions as to your

21  client's competency to proceed today?

22          MR. PALMIERI:  None whatsoever.

23          THE COURT:  Mr. Bedwell, you have a right to be

24  represented by counsel at trial and at every other stage of

25  the proceeding in this case.  Do you understand that?

PROCEEDINGS

1          THE DEFENDANT:  Yes.

2          THE COURT:  If at any time in the future it becomes

3    necessary to do so, the Court will appoint counsel for you.

4    Do you understand that?

5          THE DEFENDANT:  Yes, sir.

6          THE COURT:  Mr. Bedwell, are you satisfied with the

7    assistance that your attorneys have given you thus far in this

8    matter?

9          THE DEFENDANT:  Yes, sir.

10          THE COURT:  Do you feel you need any more time to

11    discuss with them the question of a guilty plea?

12          THE DEFENDANT:  No, sir.

13          THE COURT:  You are pleading guilty to Count Four of

14    the Superseding Indictment as to, I'm going to read Count Four

15    to you, all right:  "Count Four.  The Grand Jury charges as

16    follows, both Hobbs Act extortion John Doe number two.

17          "In or about and between January 2013 and May 11,

18    2017, both dates being approximate and inclusive, within the

19    Eastern District of New York and elsewhere, the defendant,

20    Roland Bedwell, together with others did knowingly and

21    intentionally obstruct, delay and effect commerce and the

22    movement articles and commodities in commerce by extortion, in

23    that the defendant and others obtained property, to wit, wages

24    and employee benefits pay pursuant to labor contracts with the

25    United Plant and Production Workers Local 175 from John Doe

PROCEEDINGS

1    number two with his consent, which consent was induced by

2    wrongful use of actual and threatened force, violence and

3    fear."

4              So Mr. Bedwell, do you understand the charge against

5    you in Count Four of the Indictment?

6              THE DEFENDANT:  Yes, sir.

7              THE COURT:  I'm going to ask the Government to set

8    forth the elements of the crime charged in Count Four that the

9    Government would be required to prove to a jury unanimously

10   and beyond a reasonable doubt if you decided to go to trial on

11   Count Four.  Mr. Moscow.

12             MR. MOSCOW:  Thank you, your Honor.  If this case

13   were to go to trial the Government would be required to prove

14   that the defendant obtained property for himself or a

15   third-party from another person with the consent of such

16   person or his agent; that the defendant induced the victim's

17   consent by the actual or threatened use of force, violence or

18   fear, including fear of economic loss; that the defendant's

19   use of force, violence or fear was wrongful; and that the

20   defendant obtained the property in a manner that effected

21   interstate or foreign commerce.

22             THE COURT:  And this took place when?

23             MR. MOSCOW:  That this took place, your Honor, in or

24   about and between January 2013 and May 11, 2017, in the

25   Eastern District of New York.

PROCEEDINGS

1           THE COURT:  So, do you understand the elements of

2   the crime that you're pleading guilty to, that if you decided

3   to go to trial the Government would have to prove to a jury

4   beyond a reasonable doubt and unanimously?

5           THE DEFENDANT:  Yes, sir.

6           THE COURT:  Now you have certain rights and I'm

7   going to go over those rights with you.

8           You have the right to plead not guilty to this

9   charge, no one can be forced to plead guilty.  Do you

10  understand that?

11          THE DEFENDANT:  Yes.

12          THE COURT:  If you plead not guilty to the charge or

13  persist in the plea of not guilty that you previously entered,

14  you have a right under the Constitution and laws of the United

15  States to a speedy and public trial before a jury with the

16  assistance of your attorneys.  Do you understand that?

17          THE DEFENDANT:  Yes, sir.

18          THE COURT:  At any trial you would be presumed to be

19  innocent.  You would not have to prove that you were innocent.

20  This is because under our system of law, it is the Government

21  that must come forward with prove that establishes beyond a

22  reasonable doubt that you're guilty of the crime charged.  If

23  the Government failed to meet this burden of proof, the jury

24  would have the duty to find you not guilty.  Do you understand

25  that?

PROCEEDINGS

1         THE DEFENDANT:  Yes, sir.

2         THE COURT:  In the course of a trial, witnesses for

3  the Government would have to come here to court and testify in

4  your presence.  Your attorneys would have the right to

5  cross-examine these witnesses.  They could raise legal

6  objections to evidence the Government sought to offer against

7  you.  They could offer evidence on your behalf and force

8  witnesses to come to court and testify if you or your

9  attorneys thought there was evidence that might help you in

10  the case.  Do you understand that?

11         THE DEFENDANT:  Yes, sir.

12         THE COURT:  At a trial you have the right to testify

13  in your own behalf, if you wish to do so.  On the other hand,

14  you cannot be forced to be a witness at your trial.  This is

15  because under the Constitution and laws of the United States

16  no person can be compelled to be a witness against himself.

17  If you wish to go to trial but chose not to testify, I would

18  instruct the jury that they could not hold that against you.

19  Do you understand that?

20         THE DEFENDANT:  Yes, sir.

21         THE COURT:  If instead of going to trial you plead

22  guilty to the crime charged, and if I accept your guilty plea,

23  you will be giving up your right to a trial and all the other

24  rights I have just discussed.  There will be no trial in this

25  case.  There will be no appeal on the question whether you did

PROCEEDINGS

1    or did not commit this crime.  The only reason that you could

2    appeal would be if you thought I did not properly follow the

3    law in sentencing you.  Otherwise, I will simply enter a

4    judgment of guilty based on your plea of guilty.  Do you

5    understand that?

6              THE DEFENDANT:  Yes, sir.

7              THE COURT:  If you do plead guilty I will have to

8    ask you certain questions about what you did in order to

9    satisfy myself that you are guilty of the charge.  You'll have

10   to answer my questions and acknowledge your guilt.  If you do

11   this you will be giving up your right not to incriminate of

12   yourself.  Do you understand that?

13             THE DEFENDANT:  Yes, sir.

14             THE COURT:  Mr. Bedwell, are you willing to give up

15   your right to a trial and all the other rights I have just

16   discussed with you?

17             THE DEFENDANT:  Yes, sir.

18             THE COURT:  I have an agreement here, 16-CR-608 S2,

19   United States of America against Roland Bedwell, marked as

20   Court Exhibit 1 dated today August 8, 2017.  It consists of

21   seven pages.  I'm going to hand it to the defendant and his

22   attorneys.  Mr. Bedwell, have you read this document?

23             THE DEFENDANT:  Yes, sir.

24             THE COURT:  Have you discussed it with your

25   attorneys?

PROCEEDINGS

1        THE DEFENDANT:  Yes, sir.

2        THE COURT:  Have they answered any and all questions

3   that you have about the document?

4        THE DEFENDANT:  Yes.

5        THE COURT:  Do you understand your rights and your

6   obligations under this agreement?

7        THE DEFENDANT:  Yes, sir.

8        THE COURT:  Mr. Palmieri, are you satisfied your

9   client understands his rights and his obligations under this

10  agreement?

11       MR. SAPONE:  Yes, your Honor.

12       MR. PALMIERI:  Yes, sir.

13       THE COURT:  Turn to page eight of the agreement,

14  please, Mr. Bedwell.

15       MR. MOSCOW:  Page seven, your Honor.

16       THE COURT:  Page seven.

17       THE DEFENDANT:  Okay.

18       THE COURT:  On page seven of the agreement, is that

19  your signature by your name?

20       THE DEFENDANT:  Yes, sir.

21       THE COURT:  Did you sign it today?

22       THE DEFENDANT:  Yes -- before, I'm sorry.

23       THE COURT:  Earlier today?

24       THE DEFENDANT:  Yes, sir.

25       THE COURT:  Mr. Palmieri, have you also looked at

PROCEEDINGS

1   agreement?

2              MR. PALMIERI:  Yes.

3              THE COURT:  And the Government executed the

4   agreement as well?

5              MR. MOSCOW:  Yes.

6              THE COURT:  Return the agreement, please.  I have an

7   important question for you now, is there any other promise

8   that's been made to you to get you to plead guilty that is not

9   contained in this agreement?

10             THE DEFENDANT:  None at all.

11             THE COURT:  All right.  I'm going to go over the

12  statutory penalties associated with pleading guilty to this

13  crime.  They are set forth in paragraph one of the plea

14  agreement.

15             The maximum term of imprisonment is 20 years, there

16  is no minimum term of imprisonment.  There is a maximum

17  supervised release term of three years and that would follow

18  any term of imprisonment.  If you violate a condition of your

19  release, you could be sentenced to up to two years in jail

20  without credit for the time you previously served in jail or

21  the time you previously served on supervised release.

22             THE DEFENDANT:  Okay.

23             THE COURT:  There is a maximum fine, which is the

24  greater of $250,000, twice the gross gain and twice the gross

25  loss.  Restitution is mandatory in the full amount of each

PROCEEDINGS

1   victim's losses, as is determined by the Court, including the

2   victims referenced elsewhere in the plea agreement.  And there

3   is a $100 special assessment, which is mandatory.

4            Do you understand the statutory penalties associated

5   with pleading guilty too this crime?

6            THE DEFENDANT:  Yes, sir.

7            THE COURT:  Now, Mr. Bedwell, have your attorneys

8   discussed the sentencing process with you?

9            THE DEFENDANT:  Yes.

10           THE COURT:  And have they answered all your

11   questions about how sentencing would work in your case?

12           THE DEFENDANT:  Yes, sir.

13           THE COURT:  Do you have a basic understanding?

14           THE DEFENDANT:  Pretty close.

15           THE COURT:  I'm going to help you with that too; I'm

16   going to discuss sentencing.  If at any time in this

17   discussion, because sentencing is somewhat complicated in the

18   federal system, if you need to stop me so you can consult with

19   your attorneys, just let me know.

20           THE DEFENDANT:  Thank you.

21           THE COURT:  In sentencing you I'm required to take

22   into consideration a number of things about you and about the

23   crime to which you are pleading guilty.  When you do that I

24   will be directed to a guideline that will provide a sentencing

25   range.  I'm not required to sentence you within the range

PROCEEDINGS

1   provided by the guideline, but I am required to carefully

2   consider the guideline recommendation, among other things, in

3   deciding what would constitute a reasonable sentence in your

4   case.

5            THE DEFENDANT:  I understand that, I understand

6   that.

7            THE COURT:  Good.  It is my experience that a

8   sentence within the guideline range is often reasonable and

9   appropriate, but this is not always the case.  In determining

10  an appropriate sentence for your case, I will consider

11  possible departures from that range under the sentencing

12  guidelines.  As well as other to statutory sentencing factors.

13  I may ultimately decide to impose a sentence that is more

14  lenient or more severe than the one recommended by the

15  guidelines.  If I do so, I will explain the reasons for the

16  sentence that I have selected.  Do you understand that?

17           THE DEFENDANT:  That's fine.  I understand.

18           THE COURT:  It's important to understand that no one

19  knows today what your exact guideline range will be.  Any

20  calculations contained in your plea agreement are estimates.

21  I am not bound by them.  Do you understand that?

22           THE DEFENDANT:  Yes, sir.

23           THE COURT:  Before I impose sentence I will receive

24  a report prepared by the Probation Department which will

25  calculate a particular guideline range.  You and your

PROCEEDINGS

1    attorneys will have the opportunity to see that report.  If

2    you think that it is mistake or incomplete in anyway, you'll

3    have the opportunity to bring that to my attention.

4                THE DEFENDANT:  Okay.

5                THE COURT:  You must understand that no one can make

6    any promise to you as to the sentence I will impose.  Your

7    attorneys or the prosecutors may have made predictions to you

8    and may make recommendations to the Court concerning the

9    sentence I should impose.  I will listen carefully to whatever

10   they say.  But you must clearly understand that the final

11   responsibility for sentencing you is mine alone.  While I may

12   view this case identically to the attorneys, I may also view

13   the case differently.  If so, I may not impose the sentence

14   that they predicted or recommended.  If I sentence you

15   differently from what the attorneys or anyone else has

16   estimated or predicted, you would still be bound by your

17   guilty plea and you'll not be allowed to withdraw it.  Do you

18   understand that?

19               THE DEFENDANT:  I understand that, sir.

20               THE COURT:  Okay.  Now in the plea agreement there

21   is an estimate provided by the Government.  Assuming that you

22   plead guilty today, and you are in a criminal history one with

23   no prior felony convictions, the Government predicts that you

24   will be in an adjusted it offense level of 24, and that range

25   of imprisonment under the guidelines calculation would be 51

PROCEEDINGS

1    to 63 months in the custody of the Attorney General.  Is that

2    your current prediction, Mr. Moscow?

3             MR. MOSCOW:  It is, your Honor.

4             THE COURT:  Do you understand the Government's

5    current prediction?

6             THE DEFENDANT:  Yes.

7             THE COURT:  Which is not binding on the Court.

8             THE DEFENDANT:  I understand.

9             THE COURT:  In this plea agreement, which is dated

10   today August 8, 2017, that you've just told me that you've

11   discussed it your attorneys, which you signed today, there is

12   an agreement regarding your right to appeal your sentence.

13   The agreement letter says, I want to make sure you understand

14   this, sir, that by signing this agreement you agree not to

15   appeal or in anyway challenge the sentence that I impose upon

16   you if it is 71 months or less.  If I were to sentence you to

17   more than 71 months and you believe there is a illegal or

18   error, to do that you have the Court of Appeals for the Second

19   Circuit.

20             THE DEFENDANT:  I understand that, sir.

21             THE COURT:  Do you understand that you have the

22   right to appeal only if I sentence you to more than 71 months?

23             THE DEFENDANT:  Yes, sir.

24             THE COURT:  Do you understand that even if the

25   sentence I give you is more severe than what you may be

PROCEEDINGS

1   thinking or hoping you will receive, you are still going to be

2   bound by your guilty plea and not permitted to withdraw it.

3   And you'll not be able to challenge or appeal that sentence as

4   long as it is 71 months or less as we have discussed.

5          THE DEFENDANT:  I understand that, sir.

6          THE COURT:  Do you have any questions?  You would

7   like to ask me about the charge, your rights, or anything else

8   related to this matter that may not be clear to you?  Do you

9   want to talk to your lawyer for a second?

10         THE DEFENDANT:  Just for a second.

11         THE COURT:  Sure, go ahead.

12         THE DEFENDANT:  I understand, sir, that's okay.

13         THE COURT:  Okay.

14         THE DEFENDANT:  Yes, sir.

15         THE COURT:  Go ahead.

16         THE DEFENDANT:  We're fine.

17         THE COURT:  Mr. Palmieri, is there anything you

18  would like me to discuss with your client in further detail

19  before I proceed with the formal allocution?

20         MR. PALMIERI:  No, your Honor.

21         THE COURT:  Do you know of any reason why your

22  client should not enter a plea of guilty to this charge?

23         MR. PALMIERI:  No, sir.

24         THE COURT:  Are you aware of any viable defense to

25  the charge?

PROCEEDINGS

1          MR. PALMIERI:  Not at this time, Judge.

2          THE COURT:  Mr. Bedwell, are you ready to plead?

3          THE DEFENDANT:  Yes, sir.

4          THE COURT:  How do you plead to the charge contained

5    as Count Four of the Superseding Indictment charging you with

6    Hobbs Act extortion John Doe number two, guilty or not guilty.

7          THE DEFENDANT:  Guilty.

8          THE COURT:  Are you making this plea of guilty

9    voluntarily and of your own free will?

10          THE DEFENDANT:  Yes, sir.

11          THE COURT:  Has anyone threatened or forced to you

12   plead guilty.

13          THE DEFENDANT:  Not at all.

14          THE COURT:  Other than the agreement with the

15   Government, has anyone made any promise that caused you to

16   plead guilty?

17          THE DEFENDANT:  No, sir.

18          THE COURT:  Has anyone made you any promise about

19   the sentence that you will receive?

20          THE DEFENDANT:  Absolutely not.

21          THE COURT:  So what I'd like you to do now is

22   briefly tell me in your own words what you did to commit the

23   crime charged in Count Four.

24          MR. PALMIERI:  If it's okay, we prepared a statement

25   for Mr. Bedwell to be able to read to the Court.

PROCEEDINGS

1         THE COURT:  You've gone over it with him.

2         MR. PALMIERI:  Yes.

3         THE COURT:  And this is your statement, correct?

4         THE DEFENDANT:  Yes, sir.  I just don't have my

5 glasses, it's a little hard.

6         THE COURT:  I'm sure someone has glasses in this

7 crowd.

8         THE DEFENDANT:  Thank you.

9         THE COURT:  Is that better?

10         THE DEFENDANT:  Yes, sir.

11         THE COURT:  Why don't you tell me what you did to

12 commit this crime, very slowly, please.

13         THE DEFENDANT:  I obtained wages and employee

14 benefits for Local 175 for John Doe number two.  Those wages

15 and employee benefits were paid to the Local through labor

16 contracts.  John Doe number two consented to enter into the

17 contract that he consent -- that I induced -- that I induced

18 his contract to his consent through wrongful use of fear in

19 addition to the threat of force.  As a result of my actions I

20 understand -- as a result of my actions interstate commerce

21 was affected, as John Doe number two had done work outside,

22 had done work outside New York and his employment was made

23 outside New York.  I used my actions very wrong and illegal.

24 And I am sorry, your Honor.

25         THE COURT:  So did there -- let me do the easy part

PROCEEDINGS

1    first.  Did this act of extortion take place between

2    January 2013 and May 11, 2017 at some point?

3              THE DEFENDANT:  Somewhere in that time frame.  I

4    can't swear to the exact date, but somewhere in that time,

5    yes.

6              THE COURT:  That's fine.  And did some part of this

7    take place in the Eastern District of New York?

8              THE DEFENDANT:  Yes, sir.

9              THE COURT:  Where?  What borough?

10             THE DEFENDANT:  I would have to say Queens, probably

11   yes.

12             THE COURT:  So let me understand this, you induced

13   John Doe number two to pay dues to the union?

14             THE DEFENDANT:  What I did was, your Honor, I had, I

15   actually got him to sign a contract with the union which,

16   therefore, would make him pay the dues to the union.

17             THE COURT:  He was a contract?

18             THE DEFENDANT:  Yes, sir.

19             THE COURT:  I see.

20             THE DEFENDANT:  Yes, sir.

21             THE COURT:  Are there any other questions?

22             MR. MOSCOW:  No, your Honor, not at this time.

23             THE COURT:  Anything else?

24             MR. PALMIERI:  Nothing else, your Honor.

25             THE COURT:  What was the nature of your job at the

Rivka Teich CSR, RPR, RMR
Official Court Reporter

PROCEEDINGS

1   time?  What were you doing?  Were you a union official?

2            THE DEFENDANT:  Yes, sir.

3            MR. PALMIERI:  He was the business manager.

4            THE DEFENDANT:  The business manager for Local 175,

5   yes, sir.

6            THE COURT:  What kind of local is that?

7            THE DEFENDANT:  Asphalt and concrete.

8            THE COURT:  Thank you.  Based on the information

9   you've given me, Mr. Bedwell, I find that you are acting

10  voluntarily, you fully understand the charge, your rights, and

11  the consequences of your plea.  There is moreover a factual

12  basis of your plea.  I accept your plea of guilty to Count

13  Four of the Superseding Indictment.

14            I'm going to set a sentencing date for Friday,

15  November 17, 2017, at 11:30 a.m.

16            You're going to be contacted by a probation officer

17  for a presentence interview, your attorneys will want to be

18  present for the interview.  You'll be asked questions about

19  your background, your education, your finances, your family,

20  lots of different personal information.  Please be cooperative

21  with the probation officer.

22            THE DEFENDANT:  Absolutely.

23            THE COURT:  What will happen is the probation

24  officer will prepare a presentence investigation report in

25  writing.  You and your attorneys will get a copy, the

PROCEEDINGS

1   Government will get a copy, and I will get an copy.  You'll

2   have an opportunity to review the report with your attorneys.

3   If there is a mistake, an error, or something you want me to

4   know about you that's not in the report that I should be

5   considering, you'll tell your attorneys about any of those

6   circumstances.  They will then send a letter to the probation

7   officer with any corrections, any additional information.  And

8   then before sentencing your attorneys will have an opportunity

9   to write a presentencing memorandum to the Court, as will the

10  Government will have that opportunity.  You'll get a copy of

11  the Government's submissions; they will get a copy of your

12  attorney's submissions.  Before you come to court I read

13  everything.  So I will know as much as I possibly can about

14  you based on these submissions.  And at the time of your

15  sentencing everyone, all of you, will have an opportunity to

16  make a statement to the Court, your attorneys, you, the

17  Government.  So if there is something you forgot until the

18  last minute and you think it's relevant to your sentencing,

19  you want me to know about it, first what you'll do is tell

20  your lawyer, then you'll tell me.

21            THE DEFENDANT:  Okay.

22            THE COURT:  All right.

23            MR. SAPONE:  Sorry to interrupt, your Honor.  I'm

24  looking at my calendar.  I begin a three-week trial in the

25  Southern District on November 6.

PROCEEDINGS

1              THE COURT:  Which judge?

2              MR. SAPONE:  Swain.  Who knows if it will go.

3              THE COURT:  Where are you having this trial in

4   Puerto Rico?  She's the judge on the Puerto Rican bankruptcy

5   appointed by the Chief Justice.  She's real busy, she told me

6   herself.

7              MR. SAPONE:  Yes, they all are in the Southern

8   District these days.

9              THE COURT:  Off the record.

10             MR. SAPONE:  You think November 3rd is too soon?

11             THE COURT:  I don't think so, let me see if I'm

12  here.

13             Is that all right with the Government?

14             MR. MOSCOW:  Yes, your Honor.

15             THE COURT:  I think it's fine.  Actually, let me

16  take a look.  Actually, November 3rd does not work for me.

17  I'm away.  How about, you say it's a three-week trial?

18             MR. SAPONE:  So it's a death eligible RICO.

19             THE COURT:  It begins on?

20             MR. SAPONE:  On the sixth.

21             THE COURT:  How about Thursday, November 2.

22             MR. SAPONE:  That's great for me.

23             THE COURT:  Does that work for everyone?

24             MR. MOSCOW:  It works for the Government, your

25  Honor.

PROCEEDINGS

1          THE COURT:  At 11:00 a.m.

2          MR. SAPONE:  Great.  Thank you, your Honor.

3          THE COURT:  I'm going to return the plea agreement

4    to the Government and request a copy for the Court's file.

5          Does anyone have anything else for today?

6          MR. MOSCOW:  Not from the Government.

7          THE COURT:  Anything from the defense?

8          MR. SAPONE:  No, your Honor.

9          THE COURT:  I'll see you November 2.

10         THE DEFENDANT:  Thank you, Judge.

11         THE COURT:  Thank you everyone.

12         (Proceedings adjourned to resume on November 02,

13   2017 at 11:00 a.m.)

14              *              *              *

15

16

17

18

19

20

21

22

23

24

25